**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4809**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JUSTIN URIAH BELL,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00094-NCT-1)

_____

Submitted:  March 17, 2015          Decided:  March 19, 2015

_____

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Harvey A. Carpenter IV, THE LAW OFFICES OF HA (Alec) CARPENTER IV, Greensboro, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Uriah Bell pled guilty to possession of ammunition by a convicted felon. He received a 42-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the sentence was reasonable. Bell filed a supplemental brief. The Government declined to file a response. We affirm.

Counsel questions whether the sentence was reasonable, in light of Bell's request for a sentence at the bottom of the Sentencing Guidelines range and for the sentence to be concurrent to an undischarged state sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th

2

Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, we apply a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). We conclude that Bell has not rebutted the presumption of reasonableness.

In accordance with Anders, we have reviewed Bell's pro se supplemental brief challenging the presentence report and the record in this case and have found no meritorious issues for appeal. We therefore affirm Bell's conviction and sentence. This court requires that counsel inform Bell, in writing, of the right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>